**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose LOPEZ–RAMIREZ, also known as Jose Oliva–Reseno, also known as Jose Ramiro Lopez–Marquez, Defendant–Appellant.**

No. 09–50211
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 2009.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

742

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Jose Lopez–Ramirez appeals the 24–month sentence imposed following his guilty plea conviction for illegal reentry after removal, in violation of 8 U.S.C. § 1326. He argues that his within-guidelines sentence is unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). Lopez asserts that the guidelines range overstates the seriousness of his offense. He also argues that fast-track

programs created unwarranted sentencing disparities between defendants who can avail themselves of a fast-track program and defendants, like him, who cannot.

Because the sentence imposed by the district court was within the advisory guidelines range of 24 to 30 months of imprisonment, it is entitled to a presumption of reasonableness. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006); *United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 328, 172 L.Ed.2d 236 (2008). Lopez has not shown sufficient reason for this court to disturb that presumption. *See Campos–Maldonado,* 531 F.3d at 339. Further, as Lopez concedes, his fast-track argument is foreclosed by circuit precedent. *See United States v. Gomez–Herrera,* 523 F.3d 554, 563 (5th Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 624, 172 L.Ed.2d 617 (2008).

The judgment of the district court is AFFIRMED.